Nannie K. ABBOTT, Appellant,

v.

UNITED STATES, Appellee.

No. 2078.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 4, 1957.

Decided Jan. 29, 1958.

John T. Bonner, Washington, D. C., for appellant.

John W. Warner, Jr., Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted by the court, sitting without a jury, of keeping a disorderly house.[1] This appeal challenges the legality of the entry of the police officers into the house and claims error in the refusal of the trial judge to suppress certain evidence allegedly obtained as a result of such entry.

The evidence in behalf of the government indicated that the police had observed the premises in question for approximately two months. In that time they saw many men and women, including appellant and a known prostitute, enter and leave the house at all hours of the day and evening. A warrant of arrest was issued for appellant but no search warrant for the premises.

On the evening of June 23, 1957, one of the officers stationed himself in an alley close to the house. He saw appellant on a nearby street corner but did not arrest her then, intending to wait until she entered the house in order to make a "raid." Believing that appellant had gone into the house, the officers went up to the door, knocked on it, announced their purpose,

1. Code 1951, § 22–2722.

and demanded entry. Receiving no response, they removed a screen and entered through a window. While inside they seized several letters lying on a desk. They observed a couple in incriminating circumstances and arrested them. Another man came to the door and he was also placed under arrest.

Several hours later appellant voluntarily surrendered herself at police headquarters. In her presence the two men arrested at the house made damaging admissions about their activities in the house which implicated appellant. At trial the police officers testified to these admissions. A prostitute, who had been using the house at the direction of appellant, also testified on behalf of the prosecution with respect to her own activities prior to appellant's arrest.

■ Relying on McKnight v. United States, 1950, 87 U.S.App.D.C. 151, 183 F. 2d 977, the trial judge ruled that the entry into the house without a search warrant was illegal. Although the government now questions this holding, we believe it was correct. Appellant had been seen outside and the arrest warrant could have been executed there; nevertheless the officers waited until they thought she was in the house, in order to make a "raid." Thus there was no showing at all of any necessity to break into the house, and the entry was illegal.

■ There remains the question of what evidence should have been suppressed. The judge excluded the letters found in the house. Whether he also refused to admit the testimony of the officers concerning their observations while in the house is not clear from the record. We believe such testimony should have been suppressed.[2] We also think that the testimony

of the admissions made at the police station by the two men, which was not excluded, should have been. These men were brought to the attention of the police as a direct result of the illegal search of the house and not by independent information.[3] The government argues that the incidents at the police station were only remotely connected with the entry into the house, and thus the taint was removed,[4] but we believe the connection was direct.

From a review of the entire record we cannot say with certainty that the erroneous admission of this evidence did not have a prejudicial effect on the trial judge.

Reversed.

2. McGinnis v. United States, 1 Cir., 1955, 227 F.2d 598.

3. United States v. Krulewitch, 2 Cir., 1948, 167 F.2d 943, 945–946, reversed on other grounds, 1949, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790; cf. Nueslein v.

District of Columbia, 1940, 73 App.D.C. 85, 115 F.2d 690.

4. See Gregory v. United States, 97 U.S. App.D.C. 305, 231 F.2d 258, certiorari denied, 1956, 352 U.S. 850, 77 S.Ct. 69, 1 L.Ed.2d 61.